UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELISSA MARGARET JOHNSON,

    Plaintiff,

v.                                                     Case No.:  8:21-cv-149-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## ORDER

This cause is before the Court on the Uncontested Motion for Attorneys Fees Under 42, U.S.C. § 406(b), filed on August 14, 2023. (Doc. 32). Attorney Suzanne Harris represents that the Commissioner has no objection to the relief requested. (Doc. 32, p. 2). For these reasons, the Court grants the motion.

On August 18, 2022, the Court entered an Opinion and Order, reversing the decision of the Commissioner and remanding the action for further proceedings. (Doc. 25). Judgment was entered on August 19, 2022. (Doc. 26). The Court later awarded $5,029.99 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. 30). Attorney Harris now seeks additional fees under 42 U.S.C. § 406(b) from Plaintiff's past-due benefits. (Doc. 32). Specifically, she requests an award of $3,886.19, which along with the 42 U.S.C. § 406(a) fees already received

in the amount of $5,896.00 constitutes 25% of past-due benefits of $39,128.78. (Doc. 32).

Title 42 U.S.C. § 406(b) allows the Court to award counsel for a successful claimant fees for work performed before the Court. Still, the fees must be a "reasonable" amount and must not exceed twenty-five percent (25%) of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between the client and counsel, but it does require the Court to examine the agreement, the amount of fees, and make an independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"An attorney cannot recover a fee for the same work under both EAJA and § 406(b) – both of which compensate the attorney for the attorney's efforts before the district court. If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee, and a failure to do so may be a criminal offense." *Jenkins v. Comm'r of Soc. Sec.*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1347934, *2 (M.D. Fla. Mar. 20, 2019), *report and recommendation adopted*, No. 6:15-CV-2134-ORL-31LRH, 2019 WL 1330806 (M.D. Fla. Mar. 25, 2019) (citing 28 U.S.C. § 2412 note, Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 183, 186; *Gisbrecht*, 535 U.S. at 796). Alternatively, an

"attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010)

To determine the reasonableness of the requested fees, a court engages in a three-step process. First, a court looks to the contingent-fee agreement and verifies that it is reasonable. *Gisbrecht*, 535 U.S. at 808. Second, a court looks to see if the attorney delayed the case, and third, a court looks to see if the benefits are large in comparison to the time counsel spent on the case. *Id*. A court may require counsel to submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in determining reasonableness. *Id.*

First, the Court reviewed the Two-Tier Fee Agreement, Social Security Disability Retainer Agreement (Doc. 32-1). In the Agreement, Plaintiff agreed to pay her counsel 25% of all past due benefits. (Doc. 32-1). The Agreement satisfies 42 U.S.C. § 406(b) and therefore the Court finds this agreement is reasonable. Second, the Court considered whether counsel delayed this action. The Court finds no delay. Third, the Court considered whether the benefits are large in comparison to the time counsel spent on this case. Along with this Motion, the Court reviewed: (1) the number of hours counsel expended and the hourly rates (Doc. 32-2); and (2) the Social Security Administration's June 14, 2023 letter (Doc. 32-3). After

consideration of these documents, the Court finds the fees requested by counsel are reasonable. Thus, the Court determines an award of $3,886.19 is reasonable.

Normally, an award of EAJA fees would be deducted from these fees. Attorney Harris stated that even though these fees of $5,029.99 were awarded by this Court, the Federal Government did not pay these fees to counsel, but instead applied them to a federal debt owed by Plaintiff. (Doc. 32, p. 3-4). Thus, the Court will not deduct these fees from the § 406(b) award.

Accordingly, it is hereby **ORDERED**:

(1) The Uncontested Motion for Attorneys Fees Under 42, U.S.C. § 406(b) (Doc. 32) is **GRANTED** and the Court awards § 406(b) fees in the amount of $3,886.19.

(2) The Clerk of Court is directed to enter an Amended Judgment awarding $3,886.19 in attorney fees.

**DONE** and **ORDERED** in Fort Myers, Florida on August 16, 2023.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties